The protest of a master of a ship, allowed to be given in evidence. (b)

 In Cheriot v. Foussat, 3 Binn. 228 (in note), it is said, that upon searching the record of Nixon v. Long, it appeared, that the action was covenant, by the owners of a vessel against the charterers, to recover freight according to a charter-party, the plea, that the vessel returned empty and no freight was due, the replication, that it was by the default of defendants; and the.master’s protest, which was admitted in evidence, was made by himself alone. This decision has governed the practice of many subsequent cases in the state courts (see Story v. Strettel, post, p. 10; Brown v. Girard, 4 Yeates 115, s. c. 1 Binn. 40; Cheriot v. Foussat, 3 Binn. 227); though it has been followed with evident reluctance; and in the last reported case upon the subject (Gordon v. Little, 8 S. & R. 533), C. J. Tilghman remarked, “ There are many objections to this kind of evidence. I never approved of it, and have been induced to consent to its admission, solely in compliance with the practice which had been established before I had a seat on this bench, and which I did not think myself at liberty to contradict. But as this practice is peculiar to Pennsylvania, and, in my opinion, productive of more harm than good, I cannot consent to its extension beyond its ancient bounds.” In the circuit court of the United States for this district, although some doubt was expressed upon the subject in an early case (Ruan v. Gardner, 1 W. C. C. 145), it is now settled, that the protest is not admissible. Scriba v. Ins. Co. of North America, 1 W. C. C. 408, in note.[1]

 Of the case of Nixon v. Long, Chief Justice Gibson remarks, in Fleming v. Marine Ins. Co., 3 W. & S. 161: “ That a mariner’s protest is competent evidence of the facts set forth in it, on the trial of an insurance case, is an anomaly peculiar to the laws of our own state; for it is elsewhere only one of the preliminary proofs of loss, which the assured is bound, by custom, or the terms of the contract, to furnish the insurer, before compensation can be demanded. And it is one which had its root in an imperfect note of an erroneous de dsion of this court, at a *8 time when its bench was not occupied by judges bred to the law. I believe, that neither of the judges who ruled the point in Nixon v. Long, had been admitted to the bar; yet, their decision, wrong as it palpably is, has been followed, till it has become too deeply rooted in precedent to be abruptly eradicated. This is remarkable: because the error was not merely speculative, but mischievous in practice. A protest is an act of the master and some of his people, all of whom are answerable to the owners for negligence, where it has existed; and it is consequently their interest to saddle the insurer with the consequences of it. In any circumstances, therefore, it is a dangerous sort* of evidence; and the principle of Nixon v. Long, if not overruled, must be restrained to protests regularly made.” And it was accordingly ruled, that to render a protest evidence for the assured, it must be made within twenty-four hours after the vesselismoored,onher arrival at her port of destination; or, certainly, before the goods have been landed, or the condition of the cargo ascertained ; it is not enough, to note it within the twenty-four hours, if the extension of the protest be delayed till afterwards. In Thompson v. Johnson, 2 Cr. C. C. 107, it is said, that the master’s protest may be given in evidence tm corroborate his testimony.